UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHY LYNN CONNORS,** | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-3950-RAL |
| | : | |
| v. | : | |
| | : | |
| **KILOLO KIJAKAZI,** | : | |
| **Commissioner of Social Security,**[1] | : | |

**RICHARD A. LLORET**
**U.S. Magistrate Judge**                                                                November 10, 2021

## MEMORANDUM OPINION

In a Memorandum Opinion dated October 4, 2021 (the "Opinion") I affirmed the Administrative Law Judge's decision that Kathy Lynn Connors had not established she was disabled under the Social Security Act. Doc. No. 16. Ms. Connors then filed a "Motion for Relief of Judgment" asking me to reconsider my decision under Fed. R. Civ. Pro. 59. Doc. No. 19. The Commissioner filed a response opposing the Motion. Doc. No. 20. I will deny the Motion because Ms. Connors has not met the legal standard for relief.

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin,* 869 F. Supp. 320, 321 (E.D. Pa. 1994) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotation omitted). A district court will only grant a party's motion for reconsideration in one of three situations: (1) the availability of new evidence not

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g). (Social Security disability actions "survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Id.*  A motion for reconsideration may not be used to give a litigant a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). A motion for reconsideration may only address "'factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Jarzyna v. Home Properties, L.P.*, 185 F.Supp.3d 612, 622 (E.D. Pa. 2016) (citing *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

I explained in the Opinion that Ms. Connors bore the burden of establishing her residual functional capacity to do work. Ms. Connors asserts I was mistaken about that. She does not argue any new evidence or intervening change in controlling law. She does not argue that I overlooked something. She simply reargues her position. That is not a basis for granting a reconsideration motion, as the Commissioner points out. Not surprisingly, I remain convinced the Opinion was correct.

One mark of good writing is to avoid repetition. I suppose a motion for reconsideration is one of those unfortunate instances when repeating oneself is nearly unavoidable. To keep the repetition to a minimum, I will deny the Motion, and refer the interested reader to the reasons originally explained in the Opinion and thoroughly reiterated in the Commissioner's response.

          **BY THE COURT:**

           *s/Richard A. Lloret*
          **RICHARD A. LLORET**
          **U.S. Magistrate Judge**